DATE: MAY 04, 2015

77,246-10

FROM:

DRAKE L. WILLIS #1575130
H.H. COFFIELD UNIT-TDCJ
2661 FM 2054
TENNESSEE COLONY, TX. 75884

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 14 2015

Abel Acosta, Clerk

TO:

THE JUSTICES OF
THE COURT OF CRIMINAL APPEALS
P.O. BOX 12308, CAPITOL STATION
AUSTIN, TEXAS 78711

RE:

IN EX PARTE DRAKE L. WILLIS, WR-77,246-07
T.C. CAUSE NO. F08-24020-T(A&B), IN THE
DISTRICT COURT OF DALLAS COUNTY.

## LETTER MOTION REQUESTING LEAVE TO

## FILE A PETITION FOR A WRIT OF MANDAMUS

TO THE HON., LOUISE PEARSON, CLERK:

WOULD YOU PLEASE INFORM THE COURT THAT ON DECEMBER 08, 2011, IN THE ABOVE NUMBERED CAUSE OF ACTION, THAT RELATOR "HANDED OVER" HIS SUPPLEMENTAL APPLICATION FOR A POST- CONVICTION WRIT OF HABEAS CORPUS ART. 11.07, V.A.C.C.P. TO THE H.H. COFFIELD UNIT - TDCJ, 2661 FM 2054, TENNESSEE-

PG.#1

(CC)

COLONY, TEXAS 75884, PRISON AUTHORITIES FOR MAILING. RELATOR'S, DECEMBER 08, 2011, SUPPLEMENTAL APPLICATION FOR A POST-CONVICTION WRIT OF HABEAS CORPUS 11.07, WAS ADDRESSED TO THE DISTRICT CLERK OF THE 283rd JUDICIAL DISTRICT COURT OF DALLAS COUNTY, DALLAS, TEXAS 75207, THE COURT OF HIS CONVICTION. AFTER THE SUBMISSION DATE OF FEBRUARY 21, 2011 - OF RELATOR'S ORIGINAL POST-CONVICTION WRIT OF HABEAS CORPUS 11.07, ON DECEMBER 08, 2011 - RELATOR'S SUPPLEMENTAL APPLICATION FOR A POST-CONVICTION WRIT OF HABEAS CORPUS 11.07, WAS "TIMELY" HANDED OVER TO PRISON AUTHORITIES.

IT HAS PASSED 3 1/2 YEARS SINCE RELATOR'S DECEMBER 08, 2011 - SUPPLEMENTAL APPLICATION OF HABEAS CORPUS 11.07, HAS BEEN HANDED OVER TO THE PRISON AUTHORITIES FOR MAILING. THE TRIAL COURT OF RELATOR'S CONVICTION COULD NOT MAKE A FINDINGS OF FACTS AND CONCLUSION OF LAW THROUGH EVIDENTIARY HEARING, AS REQUIRED BY V.A.C.C.P. ART. 11.07, BECAUSE TRIAL COURT DIDN'T RECEIVE THE PETITION; DO TO NO FAULT OF RELATOR'S OWN, WHICH LEAVES RELATOR WITH NO "ACCESS TO TRIAL COURT."

pg. #2

(cc)

AS OF THE SUBMISSION DATE OF THIS LETTER MOTION REQUESTING LEAVE TO FILE A PETITION FOR A WRIT OF MANDAMUS, RELATOR HAS NOT RECEIVED "NOTICE", THAT HIS DECEMBER 08, 2011, SUPPLEMENTAL APPLICATION FOR POST-CONVICTION WRIT HABEAS CORPUS 11.07, WAS EITHER TRANSMITTED TO THE TRIAL COURT, OR TO THIS COURT AS MANDATED BY LAW, AND RELATOR WILL SHOW THE FOLLOWING:

## STATUE:

THE PURPOSE OF A WRIT OF HABEAS CORPUS IS TO OBTAIN A SPEEDY AND EFFECTIVE ADJUDICATION OF A PERSON'S RIGHT TO LIBERATION FROM ILLEGAL RESTRAINT. THE VERY PURPOSE OF THE WRIT OF HABEAS CORPUS IS TO SAFEGUARD A PERSON'S FREEDOM FROM DETENTION IN VIOLATION OF CONSTITUTIONAL GUARANTEES. THE PURPOSE OF THE WRIT OF HABEAS CORPUS IS TO OBTAIN A SPEEDY ADJUDICATION OF A PERSON'S RIGHT TO LIBERATION FROM ILLEGAL RESTRAINT.

## CITING CASES:

SPOTVILLE V. CAIN, 149 F.3d 374, 378 (5th Cir. 1998).

PG. #3

(CC)

COOPER V. BROOKSHIRE, 70 F.3d 377, 379 (5th Cir. 1995).
HOUSTON V. LACK, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.
245 (1988).

## HABEAS CORPUS KEY:

1. HABEAS CORPUS KEY 665.1

HABEAS CORPUS PETITION SHOULD BE DEEMED "FILED" WHEN PETITION IS HANDED OVER TO PRISON AUTHORITIES FOR MAILING. 28 U.S.C.A. § 2254.

A HABEAS PETITION SHOULD BE DEEMED FILED WHEN THE PETITION IS HANDED OVER TO PRISON AUTHORITIES FOR MAILING. SIMILARLY, IN COOPER V. BROOKSHIRE, 70 F.3d 377, 379 (5th Cir. 1995), WE HELD THAT A PRO SE PRISONER LITIGANT'S COMPLAINT IS FILED AS SOON AS THE PLEADINGS HAVE BEEN DEPOSITED INTO THE PRISON MAIL SYSTEM. IN HOUSTON V. LACK, 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed. 2d 245 (1988), WHICH ESTABLISED A SIMILAR "MAIL BOX RULE" FOR DETERMINING WHEN A PRO SE NOTICE OF APPEAL FROM DISMISSAL OF A HABEAS ACTION WOULD BE CONSIDERED FILED. IN HOUSTON THE COURT RECOGNIZED THAT, [U]N-SKILLED IN LAW, UNAIDED BY COUNSEL, AND UNABLE TO LEAVE THE PRISON, A PRO SE PRISONER'S CONTROL OVER-

Pg. #4

(cc)

THE PROCESSING OF HIS NOTICE NECESSARILY CEASES AS SOON AS HE HANDS IT OVER [.]" Id. at 266.

2. CONSTITUTIONAL LAW KEY 328
PRISON KEY 4 (10.1)

AN APPLICANT FOR HABEAS CORPUS RELIEF HAS A CONSTITUTIONAL RIGHT TO ACCESS TO COURTS AS WELL AS A STATUTORY RIGHT TO FILE AN APPLICATION FOR WRIT OF HABEAS CORPUS WITH THE DISTRICT CLERK. VERNON'S ANN. TEXAS CONST. ART. 1, § 12 ;; VERNON'S ANN. TEXAS C.C.P. ART. 11.07, § 3 (b).

3. MANDAMUS KEY 3 (2.1), 12

MANDAMUS RELIEF MAY BE GRANTED IF THE RELATOR SHOWS (1) THAT THE ACT SOUGHT TO BE COMPELLED IS PURELY MINISTERIAL, AND (2) THAT THERE IS NO ADEQUATE REMEDY AT LAW.

4. MANDAMUS KEY 10

A RELATOR SEEKING MANDAMUS RELIEF MUST HAVE A CLEAR RIGHT TO THE RELIEF SOUGHT, MEANING THAT THE MERITS OF THE RELIEF SOUGHT ARE BEYOND DISPUTE ; THE REQUIREMENT OF A CLEAR LEGAL RIGHT NECESSITATES THAT THE LAW PLAINLY DESCRIBES THE DUTY TO BE PERFORMED-

Pg. # 5

(CC)

SUCH THAT THERE IS NO ROOM FOR THE EXERCISE OF DISCRETION.

PURSUANT TO THE ORIGINAL JURISDICTION OF THIS COURT, RELATOR PREVIOUSLY FILED A LETTER MOTION RE- QUESTING LEAVE TO FILE A PETITION FOR A WRIT OF MANDAMUS ON FEBRUARY 12, 2012, WITH REQUEST TO THIS COURT TO DO AN "INQUIRY" INTO THE MATTER OF RELATOR'S DECEMBER 08, 2011, SUPPLEMENTAL APPLICATION FOR A POST- CONVICTION WRIT OF HABEAS CORPUS ART. 11.07, V.A.C.C.P. (SEE RELATOR'S ATTACHED EXHIBIT NO. 1; ATTACHED FEBRUARY 12, 2012, "MOTION FOR LEAVE") (SEE RELATOR'S ATTACHED EXHIBIT NO. 2, MAY 9, 2012, "MOTION FOR LEAVE") (SEE THIS COURT'S MARCH 21, 2012, "ORDER"; FEBRUARY 27, 2013 "ORDER"; JUNE 5, 2013, "1st NOTICE"; DECEMBER 4, 2013 "2nd NOTICE").

ON JULY 31, 2012; DECEMBER 31, 2012, AND MARCH 26, 2014, RELATOR ATTACHED A TRUE COPY OF HIS DECEMBER 08, 2011, SUPP- LEMENTAL APPLICATION WRIT OF HABEAS CORPUS TO HIS "LETTER MOTION FOR LEAVE" ect. TO THIS COURT. (SEE THIS COURT'S RECORDS OF RELATOR'S DECEMBER 08, 2011, SUPP. APP. 11.07). PREVIOUSLY RELATOR HAS TIMELY REQUESTED THIS COURT-

pg. #6

(cc)

BY IT'S <u>JURISDICTION TO</u> DO AN "<u>INQUIRY</u>" INTO THE MATTERS OF HIS DECEMBER 08, 2011, SUPPLEMENTAL APPLICATION FOR WRIT OF HABEAS CORPUS 11.07, AND ALSO, TIMELY REQUESTED FOR THIS COURT TO FILE THE SAME HABEAS CORPUS WRIT TO THE TRIAL COURT OF HIS CONVICTION.

RELATOR FILED HIS SUPPLEMENTAL APPLICATION FOR HABEAS CORPUS RELIEF AGAINST REAL PARTY OF INTEREST STATED UNDER TEX. CODE CRIM. PROC. ANN. ART. 11.07 (SEE RELATOR'S ATTACHED DECEMBER 08, 2011, SUPPLEMENTAL APPLICATION WRIT 11.07, V.A.C.C.P.). RELATOR HANDED OVER HIS DECEMBER 08, 2011, SUPPLEMENTAL APPLICATION WRIT OF HABEAS CORPUS ART. 11.07, TO THE H.H. COFFIELD UNIT PRISON AUTHORITIES FOR MAILING. AFTER RELATOR'S PETITION IS HANDED OVER, HE HAS NO "CONTROL" OVER THE PROCESSING OF HIS PETITION ONCE IT'S HANDED OVER HIS CONTROL CEASES. RELATOR CONTENDS, THAT HE IS "[U]N-SKILLED AT LAW, UNAIDED BY COUNSEL, UNABLE TO LEAVE HIS PRISON AND IS INDIGENT WHICH, THE PROCESSING OF MAILING IS "ENTIRELY" UPON THE PRISON AUTHORITIES.

pg. #7

(cc)

ON APRIL 23, 2014, THE H.H. COFFIELD UNIT'S, MAILROOM PRISON AUTHORITY, MRS. DORSEY, INFORMED RELATOR THAT HE IS NOT ALLOWED TO HAVE A COPY OF THE PRISON "MAILING LOG" IN ACCORD WITH, PUBLIC INFORMATION ACT SECTION 552.028 (a)(1), OF THE TEXAS GOVERNMENT CODE, WHICH STATES: "A GOVERNMENTAL BODY IS NOT REQUIRED TO ACCEPT OR COMPLY WITH A REQUEST FOR INFORMATION FROM AN INDIVIDUAL WHO IS IMPRISONED OR CONFINED IN A CORRECTIONAL FACILITY."

ON APRIL 24, 2014, THE H.H. COFFIELD UNIT'S MAIL ROOM CLERK, MRS. V. SALMON, PRISON AUTHORITY, INFORMED RELATOR, THAT THE PRISON MAILING LOG SHOWS HIS DECEMBER 08, 2011, SUPPLEMENTAL APPLICATION FOR A POST-CONVICTION WRIT OF HABEAS CORPUS ART. 11.07, V.A.C.C.P. WAS PROCESSED AND MAILED ON DECEMBER 12, 2011, TO THE DISTRICT CLERK, OF THE 283rd JUDICIAL DISTRICT COURT OF DALLAS COUNTY, DALLAS TEXAS 75207, WHICH IS THE TRIAL COURT OF RELATOR'S CONVICTION FOR FILING.

Pg. #8

(cc)

RELATOR WAS IN NEED OF MATERIAL EVIDENCE TO MAKE A MORE PROPER SHOWING BY LEGAL DOCUMENTATION TO THIS COURT, THAT HE HANDED OVER HIS DECEMBER 08, 2011, SUPPLEMENTAL APPLICATION POST-CONVICTION WRIT OF HABEAS CORPUS ART. 11.07, TO THE PRISON AUTHORITIES FOR MAILING. (SEE RELATOR'S ATTACHED EXHIBIT NO. 4).

AS PREVIOUSLY DISCUSSED, A PRO SE LITIGANT THATS [U]NSKILLED IN LAW, UNAIDED BY COUNSEL, UNABLE TO LEAVE HIS PRISON, AND INDIGENT, HAS NO CONTROL OVER HIS PETITION ONCE IT HAS BEEN HANDED OVER TO THE PRISON AUTHORITIES FOR MAILING. WHEN A PRO SE LITIGANT HANDS OVER HIS PETITION TO THE PRISON AUTHORITIES FOR MAILING, HIS PETITION SHOULD BE DEEMED "FILED". THE PROCESSING AND MAILING OF THE PRO SE LITIGANT'S PETITION BY THE PRISON AUTHORITIES FOR MAILING; IS THEREFORE CONSIDERED A MINISTERAL DUTY BY THE RULES OF ACA AND THE TDCJ PRISON MAIL SYSTEM, MAILING GUIDE. THUS, THE FIRST REQUIREMENT FOR MANDAMUS RELIEF IS FUL-

pg. #9

(cc)

FILLED)." THERE IS NO PROVISION FOR AN APPEAL CON-
CERNING THE PRISON AUTHORITIES MAIL SYSTEM TO
PERFORM THE DUTY OF PROCESSING AND MAILING A
PRO SE LITIGANT'S HABEAS CORPUS 11.07, V.A.C.C.P PETIT-
ION, TO THE TRIAL COURT OF HIS CONVICTION FOR FILING.
"THE INABILITY TO APPEAL LEAVES RELATOR WITH NO
ADEQUATE REMEDY AT LAW." THEREFORE, RELATOR HAS
MET THE SECOND REQUIREMENT FOR MANDAMUS RELIEF.
ALL REQUIREMENTS FOR MANDAMUS RELIEF HAVE BEEN
FULFILLED.

THE TEX. CODE CRIM. PROC., ART. 11.04 ("EVERY PROVIS-
ION RELATING TO THE WRIT OF HABEAS CORPUS SHALL
BE MOST FAVORABLY CONSTRUED IN ORDER TO GIVE
EFFECT TO THE REMEDY, AND PROTECT THE RIGHTS OF
THE PERSON SEEKING RELIEF UNDER IT"); SEE EX PARTE
KERR, 64 S.W. 3d 414, 419 (TEX. CRIM. APP. 2002)("THE
PURPOSE OF A WRIT OF HABEAS CORPUS IS TO OBTAIN
A SPEEDY AND EFFECTIVE ADJUDICATION OF A PER-
SON'S FREEDOM RIGHT'S TO LIBERATION FROM ILLEGAL-

PG.#10

(cc)

RESTRAINT.")(CITING BLACKLEDGE V. ALLISON, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1997)("[T]HE VERY PURPOSE OF THE WRIT OF HABEAS CORPUS [IS] TO SAFEGUARD A PERSON'S FREEDOM FROM DETENTION IN VIOLATION OF CONSTITUTIONAL GUARANTEES") AND EX PARTE RAMZY, 424 S.W. 2d 220, 223 (TEX. 1968)("THE PURPOSE OF THE WRIT OF HABEAS CORPUS IS TO OBTAIN A SPEEDY ADJUDICATION OF A PERSON'S RIGHT TO LIBERATION FROM ILLEGAL RESTRAINT").

RELATOR HAS ATTACHED A COPY OF HIS DECEMBER 08, 2011, SUPPLEMENTAL APPLICATION FOR A POST-CONVICTION WRIT OF HABEAS CORPUS ART. 11.07, V.A.C.C.P. THEREFORE RELATOR REQUEST THIS HON., COURT TO PLEASE MAKE "INQUIRY" INTO THE MATTER OR ISSUE A WRIT OF MANDAMUS WITH THE MANDATE OF ARTICLE 11.07, V.A.C.C.P.

RESPECTFULLY SUBMITTED,

Mr. Drake L. Willis #1575130

PG.#11

(cc)

COURT OF CRIMINAL APPEALS OF TEXAS
APPLICATION FOR A WRIT OF HABEAS CORPUS
SEEKING RELIEF FROM FINAL FELONY CONVICTION
UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

## INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The clerk of the trial court in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the form has been downloaded and the questions have been renumbered or omitted, your entire application will be returned as non-compliant. If your application is returned as non-compliant, the clerk of the trial court will write a note of the defect on your application and return the form to you without filing it.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. You may use additional pages only if you need them for item 17, the facts supporting your ground for relief. Do not attach any additional pages for any other item 17.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17.

7. Do not cite cases or other law in this application form. Do not make legal arguments in this form. Legal citations and arguments may be made in a separate memorandum.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the clerk of the convicting district court. Keep a copy of the application for your records.

10. You must notify the clerk of the convicting district court of any change in address after you have filed your application.

Case No. _____

(The Clerk of the convicting court will fill this line in.)

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: __DRAKE LAFAYETTE WILLIS__

DATE OF BIRTH: __JULY 11, 1973__
PLACE OF CONFINEMENT: __COFFIELD UNIT- TDCJ-CID__

TDCJ-CID NUMBER: __01575130__          SID NUMBER: _____

(1)    This application concerns (check all that apply):

    ☒    a conviction           ☐    parole

    ☒    a sentence            ☐    mandatory supervision

    ☐    time credit            ☐    out-of-time appeal or petition for discretionary review

(2)    **What district court entered the judgment of the conviction you want relief from?** (Include the court number and county.)

    __283rd JUDICIAL DISTRICT COURT, DALLAS, DALLAS COUNTY, TEXAS__

(3)    **What was the case number in the trial court?**

    __F08-24020-T__

(4)    **What was the name of the trial judge?**

    __THE HON., RICK MAGNIS__

THIS IS A SUPPLEMENTAL APPLICATION TO THE ORIGINAL APPLICATION IN 11.07, APPLICATION # WDR-24020-T(A), PENDING IN THE TRIAL COURT AND FILED ON 2-21-11, amended ON JULY 13, 2011.

1

(5) Were you represented by counsel? If yes, provide the attorney's name:

THE HON., APRIL E. SMITH, STATE BAR # 18532800

(6) What was the date that the judgment was entered?

MAY 1, 2009

(7) For what offense were you convicted and what was the sentence?

AGGRAVATED SEXUAL ASSAULT (CHILD)

(8) If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

_____

_____

(9) What was the plea you entered? (Check one.)

☐ guilty-open plea      ☐ guilty-plea bargain
☒ not guilty      ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____

_____

(10) What kind of trial did you have?

☐ no jury      ☐ jury for guilt and punishment

☒ jury for guilt, judge for punishment

(11) Did you testify at trial? If yes, at what phase of the trial did you testify?

YES - GUILT INNOCENCE

(12) Did you appeal from the judgment of conviction?

☒ yes      ☐ no

2

Revised: September 1, 2011      ATC-11.07

If you did appeal, answer the following questions:

(A)    What court of appeals did you appeal to? FIFTH DISTRICT - DALLAS

(B)    What was the case number? 05-09-00537-CR

(C)    Were you represented by counsel on appeal? If yes, provide the attorney's name:
THE HON., DEBORAH FARRIS, STATE BAR # 06843200

(D)    What was the decision and the date of the decision? AFFIRMED - 6-22-10

(13)    Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                    ☒ no

If you did file a petition for discretionary review, answer the following questions:

(A)    What was the case number? _____

(B)    What was the decision and the date of the decision? _____

(14)    Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☒ yes  2/21/11            ☐ no

If you answered yes, answer the following questions:

(A)    What was the Court of Criminal Appeals' writ number?_____

(B)    What was the decision and the date of the decision? PENDING

(C)    Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

THIS IS A SUPPLEMENTAL APPLICATION TO RAISE AN ADDIT-
IONAL CLAIM. DUE TO THE APPLICANT'S INEXPERIENCE IN
HE DID NOT RECOGNIZE THE CLAIM BEING PRESENTED IN THIS
SUPPLEMENTAL APPLICATION.

3

Revised:  September 1, 2011                                    ATC-11.07

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☒ yes ☐ no

If you answered yes, please provide the name of the court and the case number:

283rd JUDICIAL DISTRICT, 11.07, APPLICATION # W08-24020-T(A&B)

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes ☐ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? _____

(B) Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

_____

_____

_____

_____

_____

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.*

4

If you have more than four grounds, use page 10 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence.

You may attach a memorandum of law to the form application if you want to present legal authorities, but the Court will *not* consider grounds for relief in a memorandum of law that were not stated on the form application. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

## RELEVANT STATE OF FACTS

Applicant was indicted for the "Aggravated Sexual Assault" of Kiyana Breshay Winkfield, Applicant's nine year old step-daughter, hereafter ("B.W"). The indictment alleged that Applicant penetrated B.W.'s sexual organ with his finger. (C.R. VOL. 1, at pgs. 2,3). [1] B.W., testified that on one occassion Applicant pulled down his pants, grabbed her hand and placed it on his penis. (S.F. VOL. 3, at pg. 56). [2] B.W., further testified to two other separate incidents not alleged in the indictment. On one occassion while she pretended to be asleep, Applicant pulled down her pants, and partly pulled down her panties and touched her private part with his finger. (S.F. VOL. 3, at pgs. 56-59). On another occassion, Applicant came into a bedroom she shared with her sisters, and pulled down her pants and touched the inside and outside of her private parts. (S.F. VOL. 3, at pgs. 63-64).

------------------------------------------

1. "C.R.", refers to the one volume of Clerk's Records.
2. "S.F.", refers to the Court Reporter's notes.

Revised: September 1, 2011                    ATC-11.07

# SUPPLEMENTAL CLAIM

**GROUND ONE:** APPLICANT CONTENDS THAT HIS TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE, WHERE COUNSEL DID NOT REQUEST A CHARGE ON THE LESSER INCLUDED OFFENCE OF INDECENCY WITH A CHILD BY SEXUAL CONTACT.

**FACTS SUPPORTING GROUND ONE:** Applicant was indicted for "Aggravated Sexual Assault of a child, the indictment alleged that Applicant penetrated the sexual organ of the child with his finger. (C.R. VOL. 1, at pgs. 2,3). During trial the child complainant, nine year old Kiyana Breshay Winkfiled (B.W.), testified that Applicant caused her hand to touch his penis. (S.F. VOL. 3, at pgs. 52-62). On two other separate occassion, not alleged in the indictment, Applicant touched her private parts with his hand. (S.F. VOL. 3, at pgs. 52-62). Applicant is B.W.'S step-father. During his trial Applicant admitted he had on occassion touched B.W.'s and her younger siblings' private parts through their clothing while they slepted, because they were chronic bed wetters, to make sure they were not wet. Applicant further testified that he was B.W.'s and her siblings' primary care giver while their mother worked, or attended school. (S.F. VOL. 3, at pgs. 188-190). Applicant testified that on one occassion B.W., had complained that when she used the restroom her private part hurt, and that he examined her. During the examination he touched her private part. (S.F. VOL. 3, at pgs. 202-203). Because indecency with a child by sexual contact or touching is a lesser included offense of aggravated

CONTINUED ON ATTACHED PAGE NUMBERED 13

6

**GROUND TWO:**

_____

_____

**FACTS SUPPORTING GROUND TWO:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

7

**GROUND THREE:**

_____

_____

**FACTS SUPPORTING GROUND THREE:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

8

**GROUND FOUR:**

_____

_____

**FACTS SUPPORTING GROUND FOUR:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

9

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

10

# VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

## OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner

(circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according

to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20__.

_____
Signature of Notary Public

11

# VERIFICATION

(Complete <u>EITHER</u> the "oath before a notary public" <u>OR</u> the "inmate's declaration.")

## OATH BEFORE NOTARY PUBLIC

STATE OF TEXAS, COUNTY OF _____.

_____, BEING FIRST DULY SWORN, UNDER OATH, SAYS:

THAT HE/SHE IS THE APPLICANT IN THIS ACTION AND KNOWS THE CONTENT OF

THE ABOVE APPLICATION AND ACCORDING TO APPLICANT'S BELIEF, THE FACTS

STATED IN THE APPLICATION ARE TRUE.

_____
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____.

_____
Signature of Notary Public

## INMATE'S DECLARATION

I, _DRAKE LAFAYETTE WILLIS_____, BEING PRESENTLY
INCARCERATED IN _ANDERSON COUNTY_____, DECLARE UNDER
PENALTY OF PERJURY THAT, ACCORDING TO MY BELIEF, THE FACTS STATED IN
THE APPLICATION ARE TRUE AND CORRECT.

SIGNED ON _12-08-2011_____.

_Drake Lafayette Willis_
Signature of Applicant

11

_____
Signature of Attorney

Attorney Name: _____

SBOT Number: _____

Address: _____

_____

_____

Telephone: _____

12

<u>CONTINUATION OF SUPPORTING FACTS FOR SUPPLEMENTAL CLAIM AT PAGE</u>
<u># SIX.</u>

Sexual assault of a child by penetration of the child's sexual with the finger, the evidence adduced during Applicant's trial was sufficient to warrant a charge on "indecency with a child by sexual contact. Applicant's trial counsel did not request that the jury be charged on indecency with a child by sexual contact, or request the jury be charged on any lesser offense. Nor did the trial court sua sponte charge on a lesser offense.

THE RELEVANT STATEMENT OF FACTS ON PAGE NUMBER FIVE OF THIS APPLICATION ARE INCORPORATEN AS PART OF THE SUPPORTING FACTS FOR THIS SUPPLEMENTAL CLAIM.

<u>EVINENTIARY HEARING REQUEST</u>

Applicant submits that there is a need for the further development of the facts relevant to his supplemental claim of ineffective assistance of counsel, and requests that this court would order that an evidentiary hearing be conducted. Further, Applicant oppose the development of the facts via an affidavit, because affidavits cannot be cross-examined.

EXHIBIT NO. 1

EXHIBIT NO. 1

EXHIBIT NO. 1

EXHIBIT NO. 1

EXHIBIT NO. 1

EXHIBIT NO. 1

EXHIBIT NO. 1

EXHIBIT NO. 1

(cc)

FEBRUARY 12, 2012

FROM:

Drake L. Willis # 1575130
Coffield Unit-TDCJ-CID
2661 FM 2054
Tennessee Colony, Texas
Zip 75884

TO:

THE JUSTICES OF THE COURT OF CRIMINAL APPEALS
P.O. Box 12308, Capitol Station
P.O. Box 12308
Austin, Texas 78711

RE:

EXPARTE DRAKE L. WILLIES, from Dallas County:
Trial Court Writ No. W-08-24020-A
T.C. Cause No. F08-24020-T

LETTER MOTION REQUESTING LEAVE TO
FILE A PETITION FOR A WRIT OF MANDAMUS

The Hon., Louise Pearson, Clerk:

Would you please inform the Court that on DECEMBER 8, 2011, in
the above numbered cause of action, that I submitted a SUPPLE-
MENTAL APPLICATION FOR A POST-CONVICTION WRIT OF HABEAS, to
the Clerk of the trial court for filing. It has been more than
45 days since the submission date, and the trial court has not
made a Findings of Fact Conclusion Of Law, on the ORIGINAL or
SUPPLEMENTAL APPLICATION as is required by ART. 11.07, V.A.C.C.P.,
and of the date of the submission of this LETTER MOTION REQUESTING
LEAVE TO FILE A PETITION FOR WRIT OF HABEAS CORPUS, I have not
been notified that the Original and Supplemental Applications
have been transmitted to the Court of Criminal Appeals as man-
dated by law.

   Would you please request that the Court make inquiry into
the matter, or in the alternative grant leave to file a Petition
For A Writ Of Mandamus.

                                        Sincerely


CC:

The Hon., Gary Fitzsimmons, District Clerk
    Frank Crowley Courts Building
    133 N. Riverside Blvd. LB 12
    Dallas, Texas 75207-4313

EXHIBIT NO. 2

EXHIBIT NO. 2

EXHIBIT NO. 2

EXHIBIT NO. 2

EXHIBIT NO. 2

EXHIBIT NO. 2

EXHIBIT NO. 2

EXHIBIT NO. 2

(cc)

MAY 9, 2012

FROM:
Drake L. Willis # 1575130
Coffield Unit-TDCJ-CID
2661 FM 2054
Tennessee Colony, Texas
Zip 75884

TO:
THE JUSTICES OF
THE COURT OF CRIMINAL APPEALS
P.O. Box 12308, Capitol Station
Austin, Texas 78711

RE: APPLICATION FOR A WRIT OF MANDAMUS IN EXPARTE DRAKE, WR-77,246-01
TRIAL COURT CAUSE NUMBER F08-24020, IN THE DISTRICT COURT OF
DALLAS COUNTY.

### LETTER APPLICATION FOR ISSUANCE OF A WRIT OF MANDAMUS

TO THE JUSTICES OF SAID COURT:

Now Comes, DRAKE L. WILLIS, pro-se, ®Relator" in the above numbered and styled cause of action, and respectfully shows good cause for the issuance of a writ of mandamus. Hereinsupport Relator will show that on MARCH 21, 2012, this Court in a written ORDER directed the Dallas County District Clerk (Respondent's Court's Clerk) in the matter of the application for writ of habeas corpus filed in EXPARTE DRAKE WR-77,246-01, to file a response to Relator's application for a writ of mandamus within 30 days of the Court's MARCH 21, 2012, Order. More than 30 days has elasped since the Court's order, and Relator has not received notice that the Respondent Court's Clerk has complied with this Court's March 21, 2012, order. Therefore Relator requests that the Court would issue a writ of mandamus to compel the Respondent Court to comply with the mandate of ARTICLE 11.07 V.A.C.C.P. (See Court's March 21, 2012 ORDER).

Respectfully Submitted

EXHIBIT NO. 3

EXHIBIT NO. 3

EXHIBIT NO. 3

EXHIBIT NO. 3

EXHIBIT NO. 3

EXHIBIT NO. 3

EXHIBIT NO. 3

EXHIBIT NO. 3

(cc)

EXHIBIT NO. 4

EXHIBIT NO. 4

EXHIBIT NO. 4

EXHIBIT NO. 4

EXHIBIT NO. 4

EXHIBIT NO. 4

EXHIBIT NO. 4

EXHIBIT NO. 4

(cc)

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE
## THE OFFICE OF THE GENERAL COUNSEL
### INTER-OFFICE COMMUNICATION

TO: Willis, Drake
TDCJ # 1575130

DATE: September 10, 2014

UNIT: Coffield Unit

FROM: TDCJ - Office of the General Counsel

SUBJECT: Correspondence

---

This is in response to your recent letter to: __Legal Affairs (Leonard Peck)__      Dated:_____September 2, 2014_____

_____Your correspondence received by this office relates to the above **litigation** and will be forwarded to the Office of the Attorney General representing the Agency.

_____Your letter is being returned unanswered pursuant to TDCJ Offender Orientation Handbook which states, in part, "You should always try to solve your problem with staff on your unit or facility before you submit your grievance. **Always submit your original to the grievance investigator on your facility, and if you appeal a decision to the next level, you must always submit your appeal with the original Step 1 to the grievance investigator on your facility.**" Resubmit your appeal to the grievance investigator on your unit.

_____Every effort is being made to process grievances within the time limits outlined in the Offender Grievance Procedure. For information regarding your grievances, you should contact: Offender Grievance Procedure, P.O. Box 99, Huntsville, Texas 77342-0099.

_____If you have a complaint or allegations to be made relating to **staff misconduct (i.e., verbal harassment, acts of discrimination, etc.)** they should be directed to the **Unit Warden or designee.**

_____If you have a complaint or allegations to be made relating to **staff misconduct (i.e., excessive UOF; acts of retaliation;) or any crime committed by offender/employee on State property** they should be directed to the unit Office of Inspector General investigator or contact the Office of Inspector General, Investigations Division, P.O. Box 99, Huntsville, Texas 77342-0099.

_____Issues related to **time calculations**, sentencing, concurrent time/stacked time, jail time, forfeited good conduct time, back-dated good conduct time, class, promotion, etc., should be directed to the Classification Records Office, Time Section, P.O. Box 99, Huntsville, Texas 77342-0099.

_____The TDCJ-CID has policies and procedures in effect for processing an offender's request for an **inter-facility transfer.** You should contact the Unit Chief of Classification and/or Administrative Segregation Committee so your request can be processed. The committee will give careful consideration to the request, and appropriate action will be taken. The State Classification Committee makes the final decision.

_____Any issue related to **religious programs**, services, holidays, or activities should be directed through the Unit Chaplain or the TDCJ Chaplaincy Department, P.O. Box 99, Huntsville, Texas 77342-0099.

_____**Parole** related issues should be directed to the Unit Institutional Parole Officer or contact the Board of Pardons & Paroles or Parole Division, 8610 Shoal Creek Blvd., P.O. Box 13401 Capitol Station, Austin, TX 78711.

___X___Public Information Act Section 552.028(a)(1), Texas Government Code provides: "A governmental body is not required to accept or comply with a request for information from an individual who is imprisoned or confined in a correctional facility."

_____Issues related to **education** should be directed to the Windham School Principal on the unit. Continuing Education issues should be sent to the Windham School District, P.O. Box 40, Huntsville, TX 77342.

_____Issues related to your **commissary account**, should be directed to: Local Funds, P.O. Box 99, Huntsville, TX 77342-0099. Issues related to commissary purchases should be directed to the Unit Commissary Supervisor.

_____Issues related to your **Inmate Trust Fund** account should be directed to: E & R Programs, Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629.

_____Your request for Protective Custody/ Safekeeping/Unit Transfer, due to **LIFE ENDANGERMENT** has been received by this office, and was immediately forwarded to the appropriate staff for immediate investigation and action on your behalf.

_____Issues related to **meals**, sack lunches, special diet menus, etc., are not appropriate for handling by this office. Send an I-60 to the Food Service Manager so they may take immediate action regarding your issue. If this proves to no avail, you may contact: Asst. Director of Food Service, P.O. Box 99, Huntsville, TX 77342-0099. Requests for religious meals should be sent to the Unit Chaplain.

_____The unit physician is the primary care provider at the unit level and is responsible for the determination of **medical** treatments, medical restrictions, and scheduling services. You should attempt to resolve your problem on the unit level first by contacting the unit medical administrator, in writing, for assistance. Subsequently, if you are not in agreement with his/her response you can write to the Patient Liaison Program, Health Services, P.O. Box 99, Huntsville, TX 77342-0099.

___X___Issues related to **legal assistance** should be directed to **State Counsel for Offenders**, Legal Services Section, P.O. Box 4005, Huntsville, TX 77342-4005. **Law library issues**, legal visits with other offenders, etc., should be addressed to **Access to Courts** at P.O. Box 99, Huntsville, TX 77342-0099.

_____The information presented in your letter is inappropriate for handling by this office. Direct your correspondence to the appropriate court / state department / or agency responsible for reviewing your concerns.

__ADDITIONAL COMMENTS:_____

_____

_____

*TRUCK MAIL*

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ *Unit Assignment, Transfer (Chairman of Classification, Administration Building)*

2. ☐ *Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)*

3. ☐ *Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)*

4. ☐ *Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)*

5. ☐ *Visiting List (Asst. Director of classification, Administration Building)*

6. ☐ *Parole requirements and related information (Unit Parole Counselor)*

7. ☐ *Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)*

8. ☐ *Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)*

TDCJ-OGC
SEP 05 2014
HUNTSVILLE

TO: TDCJ LEGAL AFFAIRS (LEONARD PECK)        DATE: 09-02-2014
(Name and title of official)

ADDRESS: P.O. BOX 99, HUNTSVILLE, TEXAS 77342-0099

REQUEST(S): NEED COPY OF MAIL LOG, DATED 12-12-2011, FROM UNIT'S MAIL ROOM UNDER SEAL (STAMPED) AS OFFICAL DOCUMENT, FOR THE PURPOSE OF APPELLATE COURT RECORD. V.A.C.C.P 11.07, HABEAS CORPUS. RE: I MAILED HABEAS CORPUS 11.07, TO DISTRICT CLERK OF DALLAS COUNTY, DALLAS, TX; 75207-4313, ON 12-12-11 WHICH THE DISTRICT CLERK SAID, THEY DIDN'T RECEIVE MY 11.07 WRIT APPLICATION. THE UNIT'S MAIL CLERK V. SALMEN INFORMED THAT, I MAILED APPLICATION TO THE ABOVE CLERK ON 12-12-11. I NEED DOCUMENTATION TO SHOW THAT I TIMELY FILED WRIT. YOUR PROMPT REPLY IS VERY MUCH APPRECIATED. THANK YOU!
P.S. QUESTION: HOW CAN I RETREAVE J-PAY LETTERS (LOST), WHO DO I CONTACT, NEED VERY FIRST J-PAY FROM MRS. TAMEEKA L. HAYES-SMITH, WHILE AT MIDDELTON UNIT IN 2009?

Name: DRAKE L. WILLIS          No: 1575130          Unit: COFFIELD

Living Quarters: W-204-T          Work Assignment: I/S Med. SQ-03

DISPOSITION: (Inmate will not write in this space)

☆I-60 (Rev. 11-90)

# INMATE REQUEST TO OFFICIAL

4

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ Unit Assignment, Transfer (Chairman of Classification, Administration Building)

2. ☐ Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)

5. ☐ Visiting List (Asst. Director of classification, Administration Building)

6. ☐ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐ Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: _UNIT MAIL ROOM (MRS. JORSEY)_ DATE: _04-24-2014_
(Name and title of official)

ADDRESS: _2661 FM 2054, TENNESSEE COLONY, TEXAS 75884_

**SUBJECT:** *State briefly the problem on which you desire assistance.*

MRS. DORSEY, COOLD YOU PLEASE GIVE ME THE HAND WRITTEN DATES
THAT MAIL WENT OUT TO EITHER ADDRESS IN DECEMBER 2011, IN
CONJUNCTION WITH MY NAME. AGAIN YOUR PROMPT REPLY IS VERY
MUCH APPRECIATED, FOR COURT PURPOSES THIS REQUEST.

ATTACHED I-60
READ INFO.                        THANK YOU!
        ↑

Name: DRAKE L. WILLIS          No: 1575130          Unit: CD
Living Quarters: X-11S-T          Work Assignment: I/S Med. SQ-04

**DISPOSITION:** (Inmate will not write in this space)

Dist. Clerk mailed out 12/12/11

No mail was logged out in Dec. 11 a judge.

Mail to April Smith, Atty, Mesquite mailed 12/9/11.
That's all that's logged to you in Dec. 11.   V. Salmon Cherk

☆I-60.(Rev. 11-90)

**SUBJECT:** *State briefly the problem on which you desire assistance.*

REQUEST FEES FOR TRUE COPY OF OUT-GOING MAIL (ALL) IN CONJUNCTION OR RE-LATION WITH/TO THE BELOW ADDRESSES DATE: DECEMBER 2011

(1) ADDRESS:

GARY FITZSIMMONS
DISTRICT CLERK
FRANK CROWLEY COURTS BLDG.
133. N. INDUSTRIAL BLVD.
DALLAS, TEXAS 75207-4313

(2) ADDRESS:

JUDGE RICK MAGNIS
283rd JUDICIAL DIST. COURT
FRANK CROWLEY COURTS BLDG.
133 N. RIVERFRONT BLVD.
DALLAS, TEXAS 75207-4313

THANK YOU!

OR RIVERFRONT BLVD.

YOUR PROMPT REPLY IS VERY MUCH APPRECIATED.

Name: DRAKE L. WILLIS      No: 1575130      Unit: CO

Living Quarters: X-115-T      Assignment: I/S Med. SQ-04

**DISPOSITION:** (Inmate will not write in this space)

You are not allowed to have a copy of the logs. Closed records.

Dorsey

☆I-60 (Rev. 11-90)

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE — **INSTITUTIONAL DIVISION**

# **INMATE REQUEST TO OFFICIAL**

REASON FOR REQUEST: (Please check one)

**PLEASE ABIDE BY THE FOLLOWING CHANNELS OF COMMUNICATION. THIS WILL SAVE TIME, GET YOUR REQUEST TO THE PROPER PERSON, AND GET AN ANSWER TO YOU MORE QUICKLY.**

1. ☐ Unit Assignment, Transfer (Chairman of Classification, Administration Building)

2. ☐ Restoration of Lost overtime (Unit Warden-if approved, it will be forwarded to the State Disciplinary Committee)

3. ☐ Request for Promotion in Class or to Trusty Class (Unit Warden- if approved, will be forwarded to the Director of Classification)

4. ☐ Clemency-Pardon, parole, early out-mandatory supervision (Board of Pardons and Paroles, 8610 Shoal Creek Blvd. Austin, Texas 78757)

5. ☐ Visiting List (Asst. Director of classification, Administration Building)

6. ☐ Parole requirements and related information (Unit Parole Counselor)

7. ☐ Inmate Prison Record (Request for copy of record, information on parole eligibility, discharge date, detainers-Unit Administration)

8. ☐ Personal Interview with a representative of an outside agency (Treatment Division, Administration Building)

TO: _UNIT MAIL ROOM (MRS MORSEY)_     DATE: _04-23-2014_
(Name and title of official)

ADDRESS: _2661 FM 2054, TENNESSEE COLONY, TEXAS 75884_